## RUFUS B. SIGLER V. THE STATE.

On the trial of an indictment against an overseer of a road, for not keeping it in
repair, a variance between the description of the road in the indictment and
that in the order of Court establishing it, is immaterial, provided it is proved
to be the same road, and the description in the indictment is appropriate.

It was competent and proper to admit evidence to prove that the defendant acted
as overseer of the road ; and the proof of that fact was proof sufficient that he
had been duly notified of his appointment.

There is nothing in the objection that the order notifying him of his appoint‐
ment, with the designation of hands, and the bounds of his precinct, was not
produced.

The breach of duty having been estsblished, if there was any matter of justifica-
tion or excuse, it devolved on him to show it in his defence.

In an indictment against an overseer of a road for not keeping it in repair, it is
not necessary to prove that the road has been classified.

Appeal from Van Zandt. Tried below before the Hon.
John H. Reagan.

Indictment against appellant charging that the said Rufus B.
Sigler then and there being the overseer duly appointed and
and acting as such, of the road from the Neches to Canton,
the county seat of said county, the said road then and there
being a public road, leading from said town of Canton to the
county line of said county of Van Zandt, in the direction of
Tyler, he, the said Rufus B. Sigler, did then and there wilfully
fail, neglect, and refuse to keep the road, bridges and cause-
ways within his precinct clear and in good order, and did

then and there suffer them to remain uncleared and out of re-pair for twenty days, at one and the same time, he, the said Rufus B. Sigler, not then and there having been prevented by high water, or other sufficient cause, against the peace, &c.

On the trial, the State gave in evidence the order of the County Court establishing the road, as follows: Ordered, That the road marked by the jury of review previously appoint-ed, to wit: leading from Canton to the county line of Smith, (Smith and Van Zandt adjoined at the crossing of this road, REPS.) in the direction of Tyler, be, and the same is hereby established, with the name and style of the Tyler road ; made at the June Term, 1854, of said Court. The State also gave in evidence the order appointing the defendant overseer, as follows: Ordered, That Rufus B. Sigler, be, and he is here-by, appointed Overseer of road Section No. 3, of the Tyler road from Canton to the Neches river, and to have all hands within the bounds of said section. To the introduction of these orders, when offered, the defendant objected that they did not correspond with the allegations in the indictment. Objections overruled, and defendant excepted.

The State proved by witnesses, that the defendant acted as overseer of the road described in the orders last year, (trial in 1855,) and that he worked the road three days last summer or Fall ; that the road had never been put in good order ; that the bridge on the road had been frequently seen out of re-pair ; that the road was much washed into gulleys, and remain-ed so for three months. One witness said he rode across said bridge once without breaking his arm, or horse's neck. To so much of the parol evidence as proved that the defendant acted as Overseer, his counsel objected, on the ground that it was not the best evidence.

The Court instructed the jury as to what the law meant by good order and repair, and instructed them that the overseer could not excuse himself for not having the road in good or-

der and repair, unless he showed that he warned in his hands, and worked out his ten days ; or showed some other good excuse for the non-performance of his duty ; that it was not necessay to prove by the written copy of the order of the County Court, and the return of the Sheriff thereon, his appointment of the defendant as Overseer ; but that it was sufficient if the proof showed that he acted as Overseer, under an order of the County Court, appointing him Overseer ; and also that it was unnecessary for the State to prove that the road in question had been classified.

The defendant asked the Court to give the following instructions :

That it is necessary for the State, to recover in this indict ment, to prove, first, That the road in this indictment alleged is a public road, duly established as such by the County Court, by order entered upon record. 2nd. That the defendant was duly appointed by order of the County Court as Overseer of said road. 3rd. That he had been notified of his appointment as Overseer by a copy of the order of his appointment, with an endorsement thereon of all the hands liable to work on said road, and the order embracing the boundary of his precinct.

The foregoing charges are refused, and the following given in lieu of the first charge, asked. The fact that the road over which the defendant acted as Overseer was a public road, must be proved by the records of the County Court, showing that it had been established as a public road ; but the records of the County Court need not give the same description of the road which is contained in the indictment, but it will be sufficient if the road described in the indictment is proved to be the same as that described in the orders of the Court. It is also sufficient, if the order of the County Court establishes the road in question, without using the word public. (Signed by the Judge.)

Conviction, and fine fixed at $10. Motion for new trial overruled. &c.

*G. Rosenbaum*, for appellant.

*Attorney General*, for appellee.

WHEELER, J. There is no variance between the indictment and proof, as respects the description of the road. If the indictment had undertaken to give a description of the order establishing the road, and that were an essential ingredient in the offence charged, any material variance between the order and the description of it in the indictment would be fatal. But the indictment does not undertake to describe the order, nor was that necessary; it describes the road; and all that can be required is, that the proof shall relate to the road described in the indictment, as it manifestly does. There can be no doubt that the road described in the indictment and the order are identical.

It was competent and proper to admit evidence to prove that the defendant acted as Overseer of the road; and the proof of that fact was proof sufficient that he had been duly notified of his appointment. There is nothing in the objection that the order notifying him of his appointment, with the assignation of hands, and the bounds of his precinct, was not produced. When the defendant took upon himself the office of Overseer, and entered upon the performance of the duties of the office, the presumption is that he had been duly notified of his appointment, and possessed the requisite information to enable him properly to discharge its duties. For his failure to discharge them, after accepting the office, and entering upon the performance of its duties, he has neither shown nor offered to show, any matter of justification or excuse. The breach of duty having been established, if there was any matter of justification or excuse, as the Court very properly in-

structed the jury, it devolved upon him to show it in his defence. The technical objections urged to the judgment are manifestly untenable. There is no question presented by the record which requires a more particular notice. And as there is no error in the judgment, it is affirmed.

Judgment affirmed.